```
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DAYVAUGHN ALEXANDER,                                  FIRST AMENDED
                      Plaintiff,                      COMPLAINT

         -against-                                    17 CV 4981

THE CITY OF NEW YORK,                                 JURY TRIAL
DETECTIVE VALERY PAULBLANC (SHIELD NO. 2170),         DEMANDED
AND LIEUTENANT GEORGE ASTRAS (TAX 924902),

                      Defendants.
-----------------------------------------------------------------------X
```

Plaintiff, **DAYVAUGHN ALEXANDER**, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DAYVAUGHN ALEXANDER, is, and has been, at all relevant times, a resident of the County of Kings, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.

10. At all times hereinafter mentioned, the individually named defendant, DETECTIVE VALERY PAULBLANC (Shield No. 2170), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Paulblanc is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Paulblanc is believed to be

2

assigned to the 63rd Precinct of the NYPD.

11. At all times hereinafter mentioned, the individually named defendant, LIEUTENANT GEORGE ASTRAS (TAX 924902), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Astras is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Astras is believed to be assigned to the 63rd Precinct of the NYPD.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

15. On November 03, 2016, at approximately 3:00 p.m., Plaintiff DAYVAUGHN ALEXANDER was lawfully present at or near the corner of East 48th Street and Kings Highway in the County of Kings, City and State of New York.

16. At this time, the Defendants arrived at the location on duty and in plain clothes.

3

17. Moments before Defendants' arrival, Plaintiff had been shot in the leg by an unknown individual.

18. Without any legal justification or excuse, Defendants approached Plaintiff arrested him, or otherwise ordered Plaintiff's arrest

19. Plaintiff was not in possession of any guns, drugs, or contraband.

20. Plaintiff was not engaged in any unlawful or suspicious activity.

21. Nonetheless, the Plaintiff was formally arrested, was placed in handcuffs, and was transported to Kings County Hospital where he received the treatment for his injury.

22. Plaintiff remained at the hospital for 14 days, in the custody of the Defendants.

23. At no time on November 03, 2016, did Plaintiff commit any crime or violation of law.

24. At no time on November 03, 2016, did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

25. At no time on November 03, 2016, did Defendantspossess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

26. Plaintiff was kept handcuffed to the hospital bed in Kings County Hospital where he was held for several days before he was arraigned on a criminal complaint containing false allegations provided by Defendant Paulblanc.

27. Specifically, Defendant Paulblanc provided allegations in support of the criminal complaint against Plaintiff, and swore out a criminal complaint against Plaintiff stating, in sum and substance, that Plaintiff shot himself in the leg and tried to flee scene of incident after attempt of concealing firearm.

28. These and other allegations were false and the Defendants knew they were false when

4

they made them.

29. Pursuant to these false allegations, the Plaintiff was charged with criminal possession of a weapon in the second degree, falsely reporting an incident in the third degree, criminal possession of a weapon, and criminal possession of a weapon in the fourth degree.

30. Following his arraignment, Plaintiff was thereafter still receiving treatment at Kings County Hospital.

31. Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed.

32. Defendant Paulblanc provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

33. Despite knowing that these allegations were false, Defendants Paulblanc and Astras made the decision to arrest Plaintiff.

34. Each of the allegations were false and the Defendants knew them to be false when they were made.

35. As a result of the foregoing, Plaintiff DAYVAUGHN ALEXANDER sustained, *inter alia*, embarrassment, humiliation, physical injuries, and deprivation of his constitutional rights.

36. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42

5

U.S.C. Section 1983.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR**
**FALSE ARREST**
**UNDER 42 U.S.C. § 1983**

41. Plaintiff DAYVAUGHN ALEXANDER repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

43. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause

**SECOND CLAIM FOR RELIEF FOR**

## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. At no time did Defendants have any legal basis for commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

46. Defendants misrepresented and falsified evidence to the Kings County District Attorney.

47. Defendantsdid not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

50. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

51. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

52. Defendants directly and actively involved in the continuation of criminal proceedings against Plaintiff.

53. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

54. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

55. Notwithstanding the perjurious and fraudulent conduct of Defendants the criminal proceedings were terminated in Plaintiff's favor when he acceded to an adjournment in contemplation.

56. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff

7

to fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

57. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

58. Plaintiff DAYVAUGHN ALEXANDER repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

60. As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

61. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested, detained, and maliciously prosecuted without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

62. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

63. Defendants arrested, searched, and incarcerated plaintiff DAYVAUGHN ALEXANDER, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

64. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent

9

authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

66. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

67. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

68. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate

10

indifference to the safety, well-being and constitutional rights of Plaintiff, DAYVAUGHN ALEXANDER.

69. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

74. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

11

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 9, 2018

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020