UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

DAYVAUGHN ALEXANDER,

                                                       Plaintiff,

                -against-

THE CITY OF NEW YORK,
DETECTIVE VALERY PAULBLANC (SHIELD NO. 2170),
AND LIEUTENANT GEORGE ASTRAS (TAX 924902)

                                                     Defendants.
--------------------------------------------------------------------------- x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 22 2019 ★

**BROOKLYN OFFICE**

**STIPULATION AND
ORDER OF DISMISSAL**

17-CV-4981 (NG) (VMA)

        **WHEREAS**, the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

        1.    The above-referenced action is hereby dismissed with prejudice; and

2.  Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
     march 5 , 2018

| | |
|---|---|
| LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, *Attorneys for Plaintiff* Financial Square at 32 Old Slip New York, NY 10005 (212) 962-1020<br><br>By: _____<br>MOSES AHN<br>*Attorney for Plaintiff* | ZACHARY W. CARTER Corporation Counsel of the City of New York *Attorney for Defendants City of New York, PAUL BLANC, and ASTRAS* 100 Church Street, 3rd Floor New York, New York 10007<br><br>By: _____ 3/19/19<br>NICHOLAS L. COLLINS<br>*Assistant Corporation Counsel* |

SO ORDERED:

/s/ *Nina Gershon*
_____
HON. NINA GERSHON
UNITED STATES DISTRICT JUDGE

Dated: April 17 , 2019

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DAYVAUGHN ALEXANDER,

                                            Plaintiff,

                       -against-

THE CITY OF NEW YORK (SHIELD NO. 2170),
DETECTIVE VALERY PAULBLANC (TAX 924902),
AND LIEUTENANT GEORGE ASTRAS,

                                            Defendants.
------------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

17-CV-4981 (NG) (VMA)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about August 23, 2017, alleging that the defendants violated plaintiff's federal civil rights; and

        **WHEREAS,** defendants City of New York, Detective VALERY PAULBLANC, and Lieutenant GEORGE ASTRAS have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Dayvaughn Alexander the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants City of New York, Valery Paulblanc and George Astras; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or

2

regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       March 5, 2018

| | |
|---|---|
| LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, *Attorneys for Plaintiff* Financial Square at 32 Old Slip New York, NY 10005 (212) 962-1020 | ZACHARY W. CARTER Corporation Counsel of the   City of New York *Attorney for Defendants City of New York, PAULBLANC, and ASTRAS* 100 Church Street, 3rd Floor New York, New York 10007 |
| By: _____ MOSES AHN *Attorney for Plaintiff* | By: _____ NICHOLAS L. COLLINS *Assistant Corporation Counsel* |

3